IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) | CASE NO. 8:08CV13 |
| Plaintiff, ) ) | |
| ) v. ) ) | MEMORANDUM AND ORDER |
| BRYAN S. BEHRENS, and NATIONAL ) INVESTMENTS, INC., ) ) | |
| Defendants. ) | |

This matter is before the Court on the Receiver's Motion for Order Staying Proceedings/Litigation by and Against Bryan S. Behrens and National Investments, Inc., and Permitting Proceedings/Litigation to Proceed Against Other Defendants (hereinafter "Motion for Stay"). (Filing No. 96). The Receiver asks the Court to enter an Order "staying as to the named Defendants herein, any litigation or proceeding wherein the named Defendants herein are named as parties, but allowing such litigation/proceeding to proceed forward as to other parties, and for such other and further relief as is just." (Filing No. 96, p. 3).

The Court heard arguments on the Motion for Stay on Wednesday, March 18, 2009, at 2:00 p.m., and has reviewed and considered the briefs and evidence filed by the parties[1] in response to the Receiver's motion. (Filing Nos. 100-105).

### DISCUSSION

At issue is the correct interpretation of the Court's language in the Judgment as to Defendants and Appointment of Receiver (Filing No. 85). The language appointing the Receiver provides:

---

[1] The Receiver provided notice of the Motion to Stay, and the Text Order scheduling the hearing, to the parties in the litigation/proceedings referenced in the Motion to Stay, in addition to the parties in this action. (Filing No. 98).

> Thomas D. Stalnaker, 1111 N. 102nd Court, Suite 330, Omaha, Nebraska, 68124, is hereby appointed as the Receiver for the Defendants, and all entities owned, controlled, managed, and/or operated by defendants (the "Receivership Entities"), with full powers of an equity receiver, until further direction of the Court.

(Filing No. 85, Section IV (1)).

As stated at the hearing on this matter on March 18, 2009, it was both my understanding and my intention that the term "Receivership Entities" encompass the Defendants, Bryan S. Behrens ("Behrens") and National Investments, Inc. (National Investments"), as well as "all entities owned, controlled, managed, and/or operated by [Behrens and National Investments]." (*Id.*) Reading the language of that paragraph to exclude Behrens and/or National Investments from the "Receivership Entities" would largely defeat the purpose of the Receivership, to "locat[e], preserv[e], and protect[] all assets in an effort to "maximiz[e] returns to investors." (Id. at Section IV(2)). As such, the following prohibition clearly applies to judicial actions or proceedings brought against Behrens and/or National Investments:

> All persons who receive actual notice of this Judgment by personal service or otherwise are enjoined from in any way disturbing the Assets and from filing or prosecuting any judicial action or proceeding of any kind, civil or criminal, or from appointing a receiver or administrator, which involves the Receiver, the Receivership Entities, or which affects the Assets, except on leave having been granted by this Court. The Receiver shall not be required to respond to any subpoena or other court process (for documents or testimony) relating to the Receiver's duties, except on order of this Court.

(Filing No. 85, p. 7, ¶ 13).

Actions Brought Against Behrens and/or National Investments

Since July 2008, eight lawsuits have been filed against Behrens by individual plaintiffs in the United States District Court for the District of Nebraska: (1) *Carlson v.*

2

*Sunset Financial Services, Inc.*, Case No. 8:08CV324, filed on July 28, 2008; (2) *Lustgraaf v. Behrens*, Case No. 8:08CV335, filed on July 30, 2008; (3) *Katz v. Sunset Financial Services, Inc.*, Case No. 8:08CV347, filed on August 4, 2008; (4) *Poole v. Behrens*, Case No. 8:08CV399, filed on September 10, 2008; (5) *Lohrman v. Sunset Financial Services, Inc.*, Case No. 8:08CV422, filed on September 19, 2008; (6) *Vacanti v. Sunset Financial Services, Inc.*, Case No. 8:08CV436, filed on September 30, 2008; (7) *Green v. Sunset Financial Services, Inc.*, Case No. 8:09CV13, filed on January 9, 2009; and (8) *Vacanti v. Sunset Financial Services, Inc.*, Case No. 8:09CV44, filed on January 30, 2009.

Four lawsuits have been filed against Behrens by individual plaintiffs in the Douglas County, Nebraska, District Court: (1) *Yount v. Sunset Financial Services, Inc.*, Doc. 1089 Page 946, filed on November 25, 2008; (2) *McSharry v. Sunset Financial Services, Inc.*, Doc. 1090 Page 534, filed on December 18, 2008; (3) *Hopson v. Sunset Financial Services, Inc.*, Doc. 1090 Page 829, filed on December 30, 2008; and (4) McMahan v. *Sunset Financial Services, Inc.*, Doc. 1091 Page 160, filed on January 12, 2009.

An arbitration proceeding has been initiated against Behrens by two individual claimants before the Financial Industry Regulatory Authority ("FINRA"): *Buchanan and Polen v. Sunset Financial Services and Bryan S. Behrens*, FINRA Case No. 08-03507, filed on September 17, 2008.

With respect to the litigation/proceedings discussed in the three paragraphs above, the Motion to Stay, as to Behrens and National Investments only, will be granted.  The intention of the Court with respect to the language in the Order appointing the Receiver has been clarified for the parties and any misunderstanding as to whether Behrens and National Investments are included as "Receivership Entities" has been resolved.  The

3

prohibition against judicial action or other proceedings against Behrens and/or National Investments clearly applies to the litigation/proceedings discussed above.[2]

The stay imposed by the Court is not intended to void actions brought against the Receivership Entities, as defined to include both Behrens and National Investments, in the District Court of Douglas County, Nebraska; before the Financial Industry Regulatory Authority; or in this Court; however, continued prosecution of such actions, with respect to Behrens and/or National Investments, would be inconsistent with the terms and the purpose of the stay and would constitute a violation of an order of this Court.

<u>Actions Brought by or on Behalf of Behrens or National Investments</u>

Behrens filed a declaratory judgment action against Arch Insurance Company ("Arch Insurance") on December 4, 2008. (*Behrens v. Arch Insurance Company*, United States District Court for the District of Nebraska, Case No. 8:08CV523). Behrens contends that he is entitled to a declaratory judgment and damages arising from Arch Insurance's alleged breach of its obligations under a policy of insurance with respect to legal fees and expenses that Behrens has incurred and continues to incur as a result of the multitude of legal proceedings currently pending against him. (*Id.* at Filing No. 1). Arch Insurance's Answer (*Id.* at Filing No. 6) includes a counterclaim for declaratory judgment against Behrens. As I noted in the hearing on this matter, the Receiver has no objection to Behrens proceeding with his action against Arch Insurance. While the prosecution of any counterclaim against Behrens would appear to be inconsistent with this Court's stay, the Arch Insurance counterclaim simply seeks a declaratory judgment contrary to that sought

---

[2]The parties' pleadings and briefs reflect their awareness of the Judgment as to Defendants and Appointment of Receiver (Filing No. 85) at the time they initiated their actions against Behrens and/or National Investments. No argument to the contrary was expressed in the responsive filings or in the hearing on the Motion to Stay.

by Behrens. It would be unreasonable to allow Behrens to pursue his claim against Arch Insurance, without allowing Arch Insurance to defend against the claim. Accordingly, both the Behrens claim and the Arch Insurance counterclaim may proceed without violating the Court's stay.

In addition to Behrens's action against Arch Insurance in this Court, Behrens is also a plaintiff in an action pending in the District Court for Douglas County, Nebraska. *Behrens et al. v. Christian R. Blunk, et al.*, found at Doc. 1090 No. 178, was filed in the District Court of Douglas County, Nebraska on December 4, 2008. The plaintiffs in the action include Behrens, Bryan Behrens Co., Inc., National Investments, and Thomas Stalnaker as Receiver. The defendants include Blunk, Behrens's former legal counsel, and two law firms. The plaintiffs' claims are for professional negligence against all defendants and personal debt as to Blunk. The litigation was approved by Order of this Court (Filing No. 92) and is brought through the Receiver for the purpose of determining whether or not there may be viable claims that would increase the property available for distribution to investors. As such, that action is not inconsistent with this Court's stay.

Accordingly,

IT IS ORDERED:

1. The Receiver's Motion for Order Staying Proceedings (Filing No. 96) is granted.

2. All litigation and/or proceedings naming Bryan S. Behrens and/or National Investments, Inc., as parties shall be stayed, as against those parties, until further order of this Court, with the following exceptions;

> The above-captioned case, *SEC v. Behrens, et al.*, United States District Court for the District of Nebraska, Case No. 8:08cv13;

5

  *Behrens v. Arch Insurance Company*, United States District Court for the District of Nebraska, Case No. 8:08cv523; and

  *Behrens v. Blunk*, filed in the District Court of Douglas County, Nebraska, at Doc. 1090 No. 178.

3.  The Clerk of the Court is directed file this Order electronically in the following cases currently pending before this Court:

*Carlson v. Sunset Financial Services, Inc.*, 8:08cv324;
*Lustgraaf v. Sunset Financial Services, Inc.*, 8:08cv335;
*Katz v. Sunset Financial Services, Inc.*, 8:08cv347;
*Poole v. Sunset Financial Services, Inc.*, 8:08cv399;
*Lohrman v. Sunset Financial Services, Inc.*, 8:08cv422;
*Vacanti v. Sunset Financial Services, Inc.*, 8:08cv436;
*Green v. Sunset Financial Services, Inc.*, 8:09cv13;
*Vacanti v. Sunset Financial Services, Inc.*, 8:09cv44; and
*Behrens v. Arch Insurance Company*, 8:08cv523.

4.  Additionally, the Clerk of the Court is directed to e-mail this Order to the following:

Patrick E. Brookhouser, Jr. at pbrookhouser@mcgathnorth.com
Richard Jeffries at rickjeffries@clinewilliams.com
John W. Shaw at jshaw@bowse-law.com
Nick J. Kurt at nkurt@bowse-law.com
Steven E. Achelpohl at achelpohl@usa.net
Thomas K. Harmon at harmonlaw@bigplanet.com
Tory M. Bishop at tory.bishop@kutakrock.com
Angela Probasco at angela.probasco@kutakrock.com

DATED this 24th day of March, 2009.

            BY THE COURT:

            s/Laurie Smith Camp
            United States District Judge