# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARLIN LUSTGRAAF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **8:08-cv-00335-LSC-FG3** |
| v. | ) | |
| | ) | **PROTECTIVE ORDER** |
| SUNSET FINANCIAL SERVICES, INC. | ) | |
| and BRYAN S. BEHRENS, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JEAN POOLE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **8:08-CV-00399-LSC-FG3** |
| v. | ) | |
| | ) | **PROTECTIVE ORDER** |
| SUNSET FINANCIAL SERVICES, INC. | ) | |
| and BRYAN S. BEHRENS, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MILO VACANTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **8:08-CV-00436-LSC-FG3** |
| v. | ) | |
| | ) | **PROTECTIVE ORDER** |
| SUNSET FINANCIAL SERVICES, INC. | ) | |
| and BRYAN S. BEHRENS, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| WILLIAM GREEN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **8:09-CV-00013-LSC-FG3** |
| v. | ) | |
| | ) | **PROTECTIVE ORDER** |
| SUNSET FINANCIAL SERVICES, INC. | ) | |
| and BRYAN S. BEHRENS, | ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| **MILO VACANTI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **8:09-CV-00044-LSC-FG3** |
| **vs.** ) | |
| ) | **PROTECTIVE ORDER** |
| **SUNSET FINANCIAL SERVICES, INC.** ) | |
| **and BRYAN S. BEHRENS,** ) | |
| ) | |
| **Defendants.** ) | |

The Court finds that discovery in the cases listed in the caption of this Order (hereinafter collectively referred to for purposes of this Order only as "this lawsuit") may involve the production by all PARTIES of personal, technical, business, or financial information that may be of a proprietary and/or confidential nature, or confidential information that pertains to a third party. Accordingly, pursuant to Fed. R. Civ. P. 26(c),

**IT IS ORDERED:**

1.    Definitions:

(a)  The term "PARTY" means any party to one or more of the cases listed above in this Order.

(b) The term "PERSON" means any natural person, corporation, partnership, sole proprietorship, group, association, organization, business entity, governmental body, or agency.

(c) The term "DISCOVERY MATERIAL" means all documents, depositions, interrogatory responses, responses to requests for admissions, affidavits, exhibits, pleadings, briefs, memoranda, transcripts, testimony, and any other information (including electronically stored information) and tangible materials that may be made available for

-2-

inspection, produced, given, submitted to the Court, or exchanged by and among the PARTIES or produced by non-parties in response to subpoena. DISCOVERY MATERIAL includes, but is not limited to, CONFIDENTIAL DISCOVERY MATERIAL, as defined below.

(d)  The terms "CONFIDENTIAL" and "CONFIDENTIAL DISCOVERY MATERIAL" mean any DISCOVERY MATERIAL that has been designated "CONFIDENTIAL" by any PARTY or PRODUCING PERSON.

(e)  The term "DISCLOSE" or "DISCLOSURE" means to show, give, make available, or communicate in any fashion to any PERSON any portion of any DISCOVERY MATERIAL.

(f)  The term "DOCUMENT" has the widest meaning accorded to it under the Federal Rules of Civil Procedure and the case law construing them.

(g)  The term "PRODUCING PERSON" means any PERSON who produces or supplies any DISCOVERY MATERIAL, and any PERSON who generated, has rights in, or has an interest in any DISCOVERY MATERIAL. It includes PARTIES doing so and non-parties doing so in response to a subpoena.

(h)  The term "RECEIVING PERSON" means any PERSON to whom DISCOVERY MATERIAL is DISCLOSED by a PRODUCING PERSON in response to any discovery method.

(i)  The term "PROTECTIVE ORDER" means this Order. This PROTECTIVE ORDER governs the handling of all DISCOVERY MATERIAL, whether such DISCOVERY

MATERIAL was produced or submitted to the Court or exchanged among the PARTIES prior to or after the entry of this PROTECTIVE ORDER.

2.     Any PRODUCING PERSON may, in good faith, designate deposition testimony, documents (including without limitation electronically stored information), written discovery responses, tangible things or other DISCOVERY MATERIAL as "CONFIDENTIAL" by following the procedures listed below in this Order. Except as outlined below, all items designated as CONFIDENTIAL shall be used by the RECEIVING PERSON only in the preparation for, and conduct in, this lawsuit, and not for any other purpose, including but not limited to a business or commercial purpose or use in a different lawsuit.

3.     Any DISCOVERY MATERIAL designated as CONFIDENTIAL, or a portion or summary of the item, or any information contained in the DISCOVERY MATERIAL, shall not be given, shown, disclosed or communicated by the RECEIVING PERSON, in any way, to any person or entity other than (a) the individual attorneys of record for the PARTIES to this lawsuit, and the staff and other lawyers at their law firms necessarily involved in the conduct of this litigation; (b) the PARTIES to this lawsuit and their officers, directors, and employees who have need for such information for purposes of this litigation; (c) non-testifying experts; (d) experts retained by a PARTY to this lawsuit to assist in preparing for and conducting this lawsuit and who are disclosed to all attorneys of record in this lawsuit; (e) during deposition, trial, or in preparation for deposition or trial, to any deposition or trial witness where necessary to such witnesses' testimony; and (f) the Court, jury, Court personnel, Court Reporters, and similar personnel.

4.     If DISCOVERY MATERIAL designated as CONFIDENTIAL by the PRODUCING PERSON is given, shown, disclosed, or communicated by the RECEIVING PERSON to PERSONS

falling within categories (b), (c), (d), or (e) of paragraph (3) above, any such PERSON shall execute Exhibit A to this Order before receiving those documents or that information. All PARTIES shall be bound by this PROTECTIVE ORDER regardless of whether they sign Exhibit A hereto. Counsel for the RECEIVING PERSON shall maintain the original of each Exhibit A executed pursuant to this PROTECTIVE ORDER.

5.    The RECEIVING PERSON shall secure the prompt return of all CONFIDENTIAL DISCOVERY MATERIAL from the expert or other PERSON listed in categories (b), (c), (d), and (e) from paragraph (3) above receiving information produced by another PARTY (or non-party responding to a subpoena) when the use of such items by the expert or other PERSON is no longer required in this lawsuit.

6.    Any document(s) filed with the Court that quotes, refers to, attaches, or otherwise includes the contents of any CONFIDENTIAL DISCOVERY MATERIAL (including but not limited to a brief or a memorandum) shall be filed as a Restricted Document that, pursuant to the Court's CM/ECF procedures, can only be accessed by counsel for the PARTIES and by the Court. See NECivR 5.0.3(c). This Order constitutes authorization for those filings to be made as Restricted Filings without any further leave of Court needed.

7.    The designation of any DISCOVERY MATERIAL as CONFIDENTIAL by a PARTY (or a non-party responding to a subpoena) shall not be construed as an admission by the RECEIVING PERSON that the DISCOVERY MATERIAL is confidential. Furthermore, the terms of this Protective Order do not address or affect the ultimate admissibility of particular DISCOVERY MATERIAL designated by a PARTY as CONFIDENTIAL.

8.     This PROTECTIVE ORDER does not affect the ability of the PRODUCING PERSON to pose objections to discovery requests or subpoenas, or to pose objections at trial.  Nor shall the act of designating any DISCOVERY MATERIAL as CONFIDENTIAL bind any PARTY to any particular legal position.

9.     The production of DISCOVERY MATERIAL in response to requests propounded in this lawsuit pursuant to the Federal Rules of Civil Procedure shall not constitute a waiver of any legal protections afforded such information as a trade secret or confidential information.

10.     At the conclusion of this lawsuit, all original and reproductions of DISCOVERY MATERIAL designated as CONFIDENTIAL shall be returned to the PRODUCING PERSON. The PARTIES further agree that they are subject to the continuing jurisdiction of the Court to enforce this PROTECTIVE ORDER. The provisions of this PROTECTIVE ORDER, absent written permission of the PRODUCING PERSON or further order of the Court, will continue to be binding throughout and after the conclusion of this Lawsuit. Any PARTY may seek leave to reopen the case to enforce the PROTECTIVE ORDER after this lawsuit is terminated.

11.     If the PARTIES have previously produced documents or other information to each other, they can designate those documents, information, or other DISCOVERY MATERIAL as CONFIDENTIAL pursuant to this PROTECTIVE ORDER, and the RECEIVING PERSON shall treat it as CONFIDENTIAL starting with the date of that designation being received. In addition, any failure to designate documents, information, or other DISCOVERY MATERIAL as CONFIDENTIAL at the time of production does not constitute a waiver of such a claim. The designation of CONFIDENTIAL can be made before or after production, and the RECEIVING PERSON shall treat the production as CONFIDENTIAL from the date of the designation.

12.    If the RECEIVING PERSON objects to the designation of DISCOVERY MATERIAL as CONFIDENTIAL, the RECEIVING PERSON shall raise the issue to the PRODUCING PERSON in an effort to resolve any dispute concerning the designation. If they cannot reach an agreement as to the CONFIDENTIAL designation of such DISCOVERY MATERIAL, the RECEIVING PERSON may make the appropriate motion to the Court to resolve the issue.

13.    Any PARTY may file a motion requesting that the Court rule on the application, interpretation, or modification, of any of the terms of this PROTECTIVE ORDER.

14.    If any RECEIVING PERSON is subpoenaed in another action or proceeding or is served with a document demand, document request, or compulsory process, including by a governmental agency, and such demand, request, subpoena or process seeks DISCOVERY MATERIAL that was designated as CONFIDENTIAL by someone other than the RECEIVING PERSON, the RECEIVING PERSON will (a) as soon as practicable by hand, facsimile transmission, or electronic mail transmission advise counsel for the PRODUCING PERSON of the subpoena or demand by a written notice that includes a copy of the subpoena, request, or demand; (b) object to the production of such CONFIDENTIAL DISCOVERY MATERIAL on the grounds of the existence of the PROTECTIVE ORDER, and otherwise cooperate to the extent reasonably necessary to permit the PRODUCING PERSON to seek to quash or modify the subpoena, request, or demand; and (c) not DISCLOSE the CONFIDENTIAL documents or information until the PRODUCING PERSON consents in writing or the RECEIVING PERSON is required by Court Order to DISCLOSE or produce such CONFIDENTIAL DISCOVERY MATERIAL.

15.    Pursuant to Federal Rule of Evidence 502, the inadvertent production or disclosure of any document, information, or other DISCOVERY MATERIAL by a PARTY or non-party

-7-

PRODUCING PERSON shall not constitute a waiver of the attorney-client privilege or work product immunity if, within a reasonable period of time after recognizing that privileged information has been produced or disclosed, the PARTY or non-party PRODUCING PERSON sends to each PARTY in this lawsuit a request for return of any such inadvertently produced documents, information, or other DISCOVERY MATERIAL. Upon receiving such a request, the other PARTIES shall promptly return to the PARTY or non-party that produced the documents, information or other DISCOVERY MATERIAL all copies of such documents, information or other DISCOVERY MATERIAL, or shall promptly confirm in writing that all electronic copies of the documents, information, or other DISCOVERY MATERIAL have been deleted from electronic records and all paper copies of the documents, information, or other DISCOVERY MATERIAL have been destroyed. The other PARTIES shall not utilize those documents, information, or other DISCOVERY MATERIAL for any purpose, provided, however, that this Order shall not preclude the other PARTIES from making a motion to compel production of the returned document, information, or other DISCOVERY MATERIAL on a basis other than a waiver or estoppel premised on the inadvertent production. The PARTY or non-party that produced the documents, information, or other DISCOVERY MATERIAL shall retain copies thereof for further disposition during the course of this lawsuit.

16.   Documents and testimony shall be designated as CONFIDENTIAL in the following manner:

(a)  With regard to documents, the designation of CONFIDENTIAL shall be stamped in a legible manner on each page of each document, or the documents shall be identified as CONFIDENTIAL in a written or electronic communication to opposing counsel at or before

the time when the documents are produced. In lieu of marking the original of the documents, the PARTY or other PRODUCING PERSON may mark the copies that are produced or exchanged.

(b) With regard to testimony, the testifying witness (or his or her counsel) or any PARTY may announce on the record the beginning and end of such testimony to indicate its CONFIDENTIAL nature pursuant hereto. Alternatively, the testifying witness (or his or her counsel) or any PARTY may designate the beginning and end of the CONFIDENTIAL testimony on the errata sheet or by any other written notification to the PARTIES to this lawsuit within thirty (30) days after receipt of a copy of the transcript from the court reporter. Until that thirty (30) day period expires, all deposition transcripts shall be treated as CONFIDENTIAL.

(c) With regard to electronically stored information or other information that is not contained in testimony and is not amenable to stamping, the PRODUCING PERSON may designate all or a portion of that information as CONFIDENTIAL in any separate written or electronic communication to opposing counsel or by placing the word CONFIDENTIAL on any disc or other media containing the information, and all such CONFIDENTIAL information will be treated as so designated for all purposes under this Order. Said designation shall be made simultaneously with the production or disclosure of the designated information. Any hard copies generated from media designated as CONFIDENTIAL for purposes of this Order shall be treated in the same way they would be treated under this Order if they were originally produced in hard copy. Any PARTY printing hard copies from

that media shall mark the hard copies in the manner that hard copy documents should be marked to designate them as CONFIDENTIAL under this Order.

17.   No statement, testimony, or reference of any kind shall be made to the jury by the PARTIES, their counsel or their witnesses regarding this PROTECTIVE ORDER, its contents, its existence, or any matter related thereto.

18.   This Order shall not govern the use of documents or information at trial. The parties and the Court shall address that topic at the Final Pretrial Conference.

19.   This Order shall not govern the use of documents or information on appeal. The parties shall address that topic to the United States Court of Appeals for the Eighth Circuit in connection with the conduct of any appeal.

20.   The PARTIES agree to be bound by, and are entitled to rely upon, the terms of this PROTECTIVE ORDER once a copy of it has been signed by the PARTIES' counsel, whether or not the PROTECTIVE ORDER has been signed or entered by the Court. Moreover, the PARTIES are bound by this PROTECTIVE ORDER once entered by the Court, regardless of whether their counsel has signed a copy of this PROTECTIVE ORDER.

21.   In the event that any additional PARTY is added to this lawsuit, each additional PARTY shall be governed by this PROTECTIVE ORDER.

22.   The PARTIES to this ACTION agree that the production of any DISCOVERY MATERIAL by any non-party to the ACTION will be subject to and governed by the terms of this PROTECTIVE ORDER, provided that the non-party agrees in writing to be bound by the terms of the PROTECTIVE ORDER. Each PARTY may designate as "CONFIDENTIAL" any DISCOVERY MATERIAL produced by a third party which relates to that PARTY and which that PARTY believes

in good faith to contain trade secrets, confidential or proprietary business or commercial information, or other information of a personal or non-public nature. Each PARTY may designate as privileged any DISCOVERY MATERIAL produced by a third party which a PARTY believes in good faith should have been withheld from production on grounds of an attorney-client privilege held by that PARTY. Upon written notice by the PARTY claiming an attorney-client privilege with respect to DISCOVERY MATERIAL produced by a third party, each RECEIVING PERSON will make no further use of such DISCOVERY MATERIAL, will have ten days to return the DISCOVERY MATERIAL and all copies thereof to the third party, and will have ten (10) days to destroy or delete all records of the contents of such DISCOVERY MATERIAL. A RECEIVING PERSON returning such DISCOVERY MATERIAL to a third party may then move the Court for an Order compelling the production of the DISCOVERY MATERIAL, in accordance with the applicable law.

23.    This PROTECTIVE ORDER may be executed in multiple counterparts if signed by Counsel.

**DATED January 20, 2011.**

                                        **BY THE COURT:**

                                        **s/ F.A. Gossett, III**
                                        **United States Magistrate Judge**

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**


I, _____ [print or type full name],

of _____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the attached Protective Order

Governing Confidentiality that was issued by the United States District Court for the District of

Nebraska in Case Numbers 08-CV-00335, 08-CV-00399, 08-CV-00436, 09-CV-00013, and

09-CV-00044. I agree to comply with and to be bound by all the terms of that Order, and I

understand and acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly agree that I will not disclose in any manner any information

or item that is subject to that Order to any person or entity except in strict compliance with the

provisions of that Order.

I further hereby agree to submit to the jurisdiction of the United States District Court for the

District of Nebraska for the purpose of enforcing the terms of that Order, even if such enforcement

proceedings occur after termination of the lawsuits listed above.

Date: _____

City and State where sworn and signed:

_____

Printed name: _____

Signature: _____

-12-